**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:21-CV-00021-HBB**

**MOLLY H.**[1]                                                                                              **PLAINTIFF**

**V.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**[2]
**SOCIAL SECURITY ADMINISTRATION**                                                  **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Molly H. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 20) and Defendant (DN 26) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED.**

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 18). By Order entered September 28, 2021 (DN 17), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

1   Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

2   Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

FINDINGS OF FACT

Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income on February 27, 2019 (Tr. 17, 307-09, 310-16, 317-25). Plaintiff alleges to have become disabled on April 20, 2018, as a result of depression, fibromyalgia, back pain, migraines, and "all over body pain" (Tr. 17, 109, 127, 149, 168, 340). The claims were initially denied on May 15, 2019,[3] and again upon reconsideration on July 16, 2019 (Tr. 17, 125, 143, 144, 146, 166, 185, 187, 189). Thereafter, on August 5, 2019, Plaintiff filed a written request for a hearing before an administrative law judge (Tr. 17, 215-16).

Administrative Law Judge Jennifer B. Thomas ("ALJ") conducted a telephone[4] hearing on June 24, 2020 (Tr. 17, 34-36). Plaintiff was present on the line with her attorney Sara J. Martin Diaz (Id.). Chris Rymond testified during the hearing as a vocational expert (Id.).

On July 30, 2020, the ALJ rendered a decision pursuant to the five-step sequential process which found that Plaintiff was not disabled from April 20, 2018, through the date of the decision (Tr. 17-27). The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2021 (Tr. 19). At the first step, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 20, 2018, the alleged onset date (Id.). At the second step, the ALJ determined Plaintiff has following severe impairments: fibromyalgia, obesity, spine disorder, migraine headaches, history of pulmonary embolism, hypertension, depression, and anxiety (Id.). Plaintiff's obstructive sleep apnea and diabetes mellitus were found

---

3 The ALJ's decision listed the initial denial date as May 16, 2019 (Tr. 16). The Disability Determination and Transmittal document and the Disability Adjudicator/Examiner's signature lists the date as May 15, 2019 (Tr. 125, 143, 144, 146). Thus, the Court will use May 15 date.

4 The ALJ noted that the use of a telephone hearing was the result of the emergence of Covid-19 (Tr. 17).

2

to be nonsevere (Tr. 20). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Id.).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except for the following limitations: frequently push and/or pull with the upper and lower extremities; can alternate between sitting, standing, and walking at 30 minute intervals at the workstation during an 8-hour workday; can occasionally climb ramps or stairs but should never climb ladders, ropes, or scaffolds; can occasionally balance, kneel, stoop, crouch, and crawl; can frequently reach overhead and all around with the upper extremities and can frequently handle and finger with the upper extremities; can have occasional exposure to vibrations and should never be exposed to moving mechanical parts, unprotected heights, and dangerous machinery; can have occasional exposure to temperature extremes; can understand, remembers, and carry out simple routine tasks and sustain concentration, persistence, and pace for the completion of simple tasks for two hours segments in an 8-hour workday; can interact frequently with coworkers and supervisors and occasionally with the public; and should not work in a production or fast-paced work environment (Tr. 21). The ALJ found Plaintiff unable to perform any past relevant work (Tr. 25).

After this finding, the ALJ continued to the fifth step, where the ALJ considered Plaintiff's RFC, age, education, and past work experience, as well as testimony from the vocational expert, to find that Plaintiff is able to perform other jobs that exist in significant numbers in the national economy (Tr. 26). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, since April 20, 2018, the alleged onset date, through the date of the decision, July 30, 2020 (Tr. 27).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 303-05). The Appeals Council denied the request (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") to persons with disabilities. 42 U.S.C. §§ 401 *et seq.*, 1381 *et seq.* The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenge to Finding No. 5: Medical Opinions and "Great Weight"

Plaintiff asserts that "[t]he ALJ improperly assessed th[e] opinion [of Dr. Michael Mayron] and afforded it little weight" (DN 20-1, p. 3) (citing Tr. 25). Plaintiff believes that pursuant to 20 C.F.R. § 404.1527(c)(5) Dr. Mayron's opinion should have been awarded more weight (Id.). When looking to treating providers, Plaintiff proffers that 20 C.F.R. § 404.1527(D)(2) requires a finding of "controlling weight" absent good reasons for not accepting the opinions (Id. at p. 4).

Based upon the arguments, a recitation of Defendant's arguments is unnecessary. Plaintiff's arguments are premised upon 20 C.F.R. § 404.1527 (and case law interpreting this regulation) and the ALJ's decision not to afford "great weight" to Plaintiff's provider. A foundational issue which plagues Plaintiff's argument is based on a procedure rule that only applies to applications filed prior to March 27, 2017. 20 C.F.R. §§ 404.1527, 416.927. If an application is filed on or after March 27, 2017, then the new regulations for evaluating medical opinions are applicable. 20 C.F.R. §§ 404.1520c, 416.20c. Plaintiff filed applications for DIB and SSI on February 27, 2019; the new regulations apply (Tr. 17, 307-09, 310-16, 317-25).

Moreover, the language in 20 C.F.R. §§ 404.1520c and 416.920c explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," in the record, even if it comes from a treating medical source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Also notable, Plaintiff's regulations citations only pertain to her DIB claim.[5] Thus, the regulations and case law supporting Plaintiff's arguments are wholly inapplicable; Plaintiff is not entitled to any relief here.

---

5 Part 404 of the regulations relates to the provisions of Title II of the Social Security Act, which is DIB. 20 C.F.R. § 404.1; *see also* 42 U.S.C. § 401 *et seq.* Part 416 relates to the provisions of Title XVI of the Social Security Act and SSI. 20 C.F.R. § 416.101; *see also* 42 U.S.C. § 1381 *et seq.* Plaintiff only cites to Part 404.

Challenge to Finding No. 5: Plaintiff's Testimony

1. Arguments of the Parties

Plaintiff argues that she was "completely candid as to what she felt she was able to do" when testifying at the administrative hearing (DN 20-1, p. 7). Moreover, her providers made no indications that she was not credible (Id.). However, "[t]he ALJ never provided a clear reason as to why [Plaintiff]'s testimony was found to be less than fully credible" (Id.). Plaintiff counters that her testimony was consistent with the medical evidence and alleges it was error for the ALJ to find otherwise (Id. at pp. 7-9). Additionally, Plaintiff disputes the ALJ's finding of her husband's opinions to be "minimally persuasive" because Plaintiff alleges that his testimony was consistent with the medical opinion of three treating specialist physicians (Id. at pp. 7-8).

In contrast, Defendant contends that "[t]he ALJ provided an in-depth discussion of Plaintiff's hearing testimony, the objective medical evidence, and her treatment history [and] . . . reasonably concluded that Plaintiff had some limitations, but failed to show that her symptoms were of the severity to preclude all work . . ." (DN 26, p. 20). As for the ALJ's decision, Defendant proclaims that it "must be accorded great weight and deference" (Id.) (citation omitted). Ultimately, the ALJ found several of Plaintiff's impairments were "well controlled" with medication and she did not require more intensive surgical intervention for others (Id. at p. 21).

2. Discussion

In assessing the RFC, the ALJ must consider the subjective allegations of the claimant and make findings. 20 C.F.R. §§ 404.1529, 416.929. A statement that a claimant is experiencing pain or other symptoms will not, taken alone, establish disability; there must be medical signs and laboratory findings which show existence of a medical impairment reasonably expected to give rise to the pain and/or other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a).

In determining whether a claimant suffers from debilitating pain and/or other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First, an administrative law judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the administrative law judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. When the reported pain and/or other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the administrative law judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Included in these considerations are the claimant's level of daily activity, the frequency that the claimant has sought treatment, the medication used to alleviate the alleged pain or other symptoms, and whether there are "any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence . . ." 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4); *see also* Social Security Ruling 16-3p. For instance, mild medication and infrequency of dosages taken do not support claims of debilitating pain. *See* Maher v. Sec'y of Health & Hum. Servs., 898 F.2d 1106, 1109 (6th Cir. 1989).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce some of the above alleged symptoms; but, [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" (Tr. 22). In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Since tolerance of pain and/or other

symptoms is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of Plaintiff, the conclusion of the ALJ, who has the opportunity to observe Plaintiff's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Hum. Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)). "[T]he administrative law judge's credibility findings may not be disturbed absent 'compelling reason' . . . [and] are virtually 'unchallengeable.'" Ritchie v. Comm'r of Soc. Sec., 540 F. Appx. 508, 511 (6th Cir. 2013) (quoting Payne v. Comm'r of Soc. Sec., 402 F. Appx. 109, 113 (6th Cir. 2010)); *see also* Shepard v. Comm'r of Soc. Sec., 705 F. Appx. 435, 442 (6th Cir. 2017) (same). Looking to Plaintiff's arguments, this threshold has not been met. In sum, Plaintiff's arguments amount to differing opinions from the ALJ about how to determine the persuasiveness of testimony.

As Defendant correctly points out, the most recent applicable Social Security Regulation is 16-3p, which states, "We will consider other evidence to evaluate only the factors that are relevant to assessing the intensity, persistence, and limiting effects of the individual's symptoms. If there is no information in the evidence of record regarding one of the factors, we will not discuss that specific factor in the determination or decision because it is not relevant to the case." The ALJ's decision discusses Plaintiff's impairments and thoroughly explains how the objective medical evidence does not substantiate Plaintiff's testimony (Tr. 22-24). For instance, Plaintiff reported chronic low back pain, "but there is no evidence that any treating providers have recommended more intensive surgical intervention" and treatment notes demonstrate relatively unremarkable examinations (Tr. 22) (citing Tr. 454-83, 494-510, 511-46, 576-662, 663-702, 703-25, 925-54, 955-74, 991-1016, 1017-23, 1032-57, 1072-99, 1108-29, 1139-62). As will be discussed more in-depth below, Plaintiff's conditions were reported to be "well controlled" with

medication (Tr. 23) (citing 1108-29). Finally, the ALJ references the daily activities factor (Tr. 24); *see* 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4); Social Security Ruling 16-3p. Specifically, the ALJ opined:

> Although the claimant has described daily activities which are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled (Hearing testimony). First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision. Overall, the claimant's reported limited daily activities are considered to be outweighed by the other factors discussed in this decision.

(Tr. 24).

As for Plaintiff's husband's persuasiveness, the ALJ found his testimony to "not establish that [Plaintiff] is disabled" (Tr. 24); *see generally* (Tr. 361-69). The ALJ explained, "Since Mr. Heath is not medically trained to make exacting observations as to dates, frequencies, types, and degrees of medical signs and symptoms, or the frequency or intensity of unusual moods or mannerisms, the accuracy of these statements are questionable and they are simply not consistent with the preponderance of the opinions and observations by medical professionals in this case" (Tr. 24). Social Security Ruling 16-3p explains that an administrative law judge "will consider any personal observations of the individual in terms of how consistent those observations are with the [claimant]'s statements about his or her symptoms as well as with all of the evidence in the file." Here, the ALJ expressly found Plaintiff's husband's statements were inconsistent with medical evidence—precisely as required by Social Security Ruling 16-3p. Moreover, while Plaintiff relies upon her husband's statement being consistent with those of Plaintiff's providers

(DN 20-1, pp. 7-8), this argument does not hold up when considering that the ALJ found the opinion of Dr. Mayron to be "unpersuasive as it is overly restrictive" and the opinions of Drs. Yusuf Rashada and Roshan Mathew to be "not persuasive" for being contrary to their own treatment notes (Tr. 25).

For the reasons above, the Court concludes that the ALJ's credibility findings should not be disturbed. Ritchie v. Comm'r of Soc. Sec., 540 F. Appx. 508, 511 (6th Cir. 2013); Shepard v. Comm'r of Soc. Sec., 705 F. Appx. 435, 442 (6th Cir. 2017). Therefore, the ALJ's findings as to Plaintiff's credibility are supported by substantial evidence and comport with applicable law.

### Challenge to Finding No. 2: Severe Impairments

1. Arguments of the Parties

Plaintiff claims the ALJ "failed to fully accommodate" her migraine headaches into the RFC finding, and the amount of work that Plaintiff would miss as a result of the migraine headaches, despite the ALJ classifying it as a severe impairment (DN 20-1, p. 6). Moreover, Plaintiff alleges the ALJ improperly stated that Plaintiff only has one migraine per month, while the medical records and her testimony indicate that she has multiple migraines per month (Id. at pp. 6-7) (citing Tr. 23, 52-54, 705).

Defendant disputes this allegation and responds that the ALJ noted that Dr. Mayron opined in February 2019 that Plaintiff told him that she had migraine headaches about once per month (DN 26, p. 7) (citing Tr. 23, 1115). Moreover, "additional treatment notes indicated that Plaintiff's migraines were well-controlled with medications" (Id.) (citing Tr. 23, 929, 935, 941). Defendant claims that Plaintiff's allegations about multiple migraines per month are unsupported by the treatment records (Id. at p. 10).

2. Discussion

At the second step in the sequential evaluation process, a claimant must demonstrate she suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . ." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). Once a severe impairment is found, the administrative law judge must consider the "*combined effect*" of all the medically determinable severe and non-severe impairments in assessing a claimant's RFC. *See* 20 C.F.R. §§ 404.1523(c), 416.923(c) (emphasis added), 404.1545(a)(2), 416.945(a)(2); Simpson v. Comm'r of Soc. Sec., 344 F. Appx. 181, 190-91 (6th Cir. 2009); White v. Comm'r of Soc. Sec., 312 F. Appx. 779, 787 (6th Cir. 2009).

Here, the ALJ determined Plaintiff has following severe impairments: fibromyalgia, obesity, spine disorder, migraine headaches, history of pulmonary embolism, hypertension, depression, and anxiety (Tr. 19). Thereafter, the ALJ continued the sequential evaluation process, as required by the regulations (Tr. 20-27).

In the RFC determination, the ALJ discussed Plaintiff's migraine headaches and opined:

> The claimant reported a history of migraine headache pain associated with aura and nausea. She and is treated by neurologist Dr. Michael Mayron. In February 2019, she reported migraine occurring about once per month and "not lasting long" (Exhibit B29F). Additional treatment notes indicate she reported her migraines were well controlled with medications (Exhibit B16F). While the claimant may experience some occasional migraine headache symptoms, the record fails to establish any more limiting restrictions.

(Tr. 23).

Looking to the transcript of the administrative hearing, Plaintiff was questioned about her migraines, to which she responded that she has "two to three a month sometimes usually and they last a couple days" (Tr. 52). After dealing with some signal issues from Plaintiff's telephone, she reiterated she would get "[a]nywhere from two to three a month" and then stated, "I'd say about two" (Tr. 53). As discussed above, earlier in the ALJ's decision, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce some of the above alleged symptoms; but, [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" (Tr. 22), and the overall determination of Plaintiff's credibility was appropriate.

Plaintiff cites to one document, besides her testimony at the administrative hearing, to support her conclusion (DN 20-1, pp. 6-7). In the document, it denotes Plaintiff met with Dr. Mayron on January 3, 2018, for a follow-up visit (Tr. 705) and reported she had three migraines in the past month, which all started with vertigo, which lasted for an hour, and then transitioned into a day-long migraine (Id.). Plaintiff's argument is undercut, however, by subsequent documents. The next visitation document is from February 6, 2018, where Plaintiff met with Dr. Mayron and stated that she had one migraine since her previous visit a month ago (Tr. 710).

This leads directly into the documentation cited by the ALJ regarding the number of migraines per month. Plaintiff met with Dr. Mayron on August 6, 2018, and "state[d] that she has only had 2 migraines since last visit and feels they were due to sinuses" and the migraines lasted for approximately a day (Tr. 1110-11) (capitalizations omitted). Of note, the document lists Plaintiff's last visit with Dr. Mayron as February 6, 2018 (Tr. 1110), the same visit that followed the document cited by Plaintiff. Thus, six months had passed with only two migraines occurring. On February 21, 2019, Plaintiff returned to Dr. Mayron and reported "maybe having one migraine

13

a month [and they are] not lasting long like they use to" (Tr. 1115) (capitalizations omitted). On August 21, 2019, Plaintiff again returned to Dr. Mayron and stated she "is getting about 1 migraine a month that may last 2 days if that" (Tr. 1120) (capitalizations omitted). Seven months later, on March 12, 2020, Plaintiff visited Dr. Mayron and stated "that since her last [appointment] she has had a few migraines with the spinning dizziness. However they are not [constant] enough to be an issue" (Tr. 1126) (capitalizations omitted). That document says the duration is one day (Id.).

As for the ALJ's conclusion about the medications, the documentation also supports the ALJ's conclusion. On June 20, 2019, Plaintiff met with Dr. Yusuf Rashada and reported that she was following up with Dr. Mayron for her migraines and with Dr. Bradley for other conditions and "these conditions are well controlled with the current treatments" (Tr. 929). On July 22, 2019, Plaintiff followed-up with Dr. Rashada and again reported that her "conditions are well controlled with the current treatments" (Tr. 935). This same report to Dr. Rashada occurred again on August 19, 2019 (Tr. 941). On September 16, 2019, Plaintiff met with Dr. Rashada regarding back, leg, and right shoulder pain and reported that she was still following up with Dr. Mayron for her migraines (Tr. 948). However, this document does not contain a comment about whether Plaintiff's conditions remained "well controlled" (*see* id.).

Finally, Plaintiff attempts to cite to a post-hearing statement by Dr. Mayron (DN 20-1, p. 7) (citing Tr. 13). However, it would be improper for the Court to consider this document. When the Appeals Council considers new evidence, but declines review, the Court cannot consider the new evidence in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993). This approach makes sense because the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied

Plaintiff's request for review.  *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline, 96 F.3d at 148; Cotton, 2 F.3d at 695-96.[6]  Therefore, the Court will not consider this document.

Thus, there was no error in the ALJ stating that Plaintiff only had one migraine headache per month (Tr. 23), as it was consistent with the medical record.  Moreover, Plaintiff's citation to a contrary document is substantially undercut by the subsequent visits, which were the documents cited by the ALJ.  As such, the ALJ's findings regarding Plaintiff's migraine headaches is supported by substantial evidence and comports with applicable law.

Challenge to Finding No. 5: RFC Limitations

1. Arguments of the Parties

Finally, Plaintiff maintains that the ALJ's RFC determination is not supported by substantial evidence, as "[t]he medical records are replete with references to [Plaintiff]'s pain and limitations dating back to at least 2015 and which has worsened considerably since her onset date" (DN 20-1, p. 5).  Plaintiff recounts that her pain persists despite seeking treatment with a pulmonologist, rheumatologist, spine specialist, neurologist, cardiologist, and pain management specialist (Id.).  Thus, "no reasonable person based on the evidence would find that [Plaintiff] could perform reliably on a full-time basis at any exertional level" (Id.).  Therefore, "[i]t is clear that there are no jobs in the national economy which would accommodate [Plaintiff]'s limitations on a full-time basis given her condition" (Id. at p. 6) (emphasis omitted).

---

6  The Court can, however, remand the case for further administrative proceedings in light of the evidence, if Plaintiff demonstrates it is new, material, and that there is good cause for failing to present it to the ALJ.  Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996).  However, Plaintiff has not attempted to formulate any such argument; the Court will not create an argument where there is none.  Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Hartman v. Thompson, 931 F.3d 471, 481 (6th Cir. 2019) (When a party cites no legal authority for its proposition, "it is not our job to construct a legal argument for them.").

Defendant insists that the ALJ "appropriately considered the medical opinions and prior administrative medical findings and reasonably concluded that Plaintiff was not disabled" (DN 26, p. 11). Moreover, Defendant contends that "[t]he ALJ's determination was not only consistent with treatment records, which showed that Plaintiff symptoms were controlled with medication, but the RFC was more restrictive than the prior administrative medical findings of state agency physicians" (Id. at p. 5). As for the opinions of Plaintiff's providers, the ALJ articulated that she found the opinions to be overly restrictive considering the clinical findings and treatment records, as well as some opinions being inconsistent with their own treatment notes (Id. at pp. 11, 13). Moreover, Defendant contends that the State agency consultants "are highly qualified and experts in Social Security disability evaluation and the ALJ must consider their findings" (Id. at p. 14) (citing 20 C.F.R. § 404.1513a(b)(1)) (internal quotation omitted).

2. Discussion

Plaintiff's argument, in essence, is requesting the Court to craft a new RFC determination, one in which Plaintiff is found to be disabled; that is not the Court role. Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). If the Court finds substantial evidence supports the ALJ's findings, then the Court may not inquire whether the record could support a contrary decision. Smith v. Sec'y of Health and Hum. Servs., 893 F.2d 106, 108 (6th Cir. 1989). In reviewing a case, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Here, the ALJ considered Plaintiff's testimony, as discussed above, and found that Plaintiff's "medically determinable impairments could reasonably be expected to produce some of the above alleged symptoms; but, [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" (Tr. 22). This finding was consistent with the two-step test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986). When looking to the medical opinions in the record, the ALJ found Dr. Mayron's opinion to be unpersuasive as it was "overly restrictive considering Dr. Mayron's own clinical findings and [Plaintiff's overall treatment records" (Tr. 25). Moreover, the statement signed by Dr. Rashada and Dr. Roshan Mathew was found to be "not persuasive" as the restrictions were "unsupported considering [their] own conservative treatment notes" (Id.).

Plaintiff cites to various documents in which Plaintiff reported increasing pain in her back and from fibromyalgia, decreased mobility, and headaches (DN 20-1, pp. 5-6). These documents, however, do not demonstrate that the ALJ's findings were unsupported by substantial evidence. Moreover, the ALJ referenced and discussed the exhibits which contained the pages cited by Plaintiff, which demonstrates that the ALJ considered those same documents. *See* Simons v. Barnhart, 114 F. Appx. 727, 733 (6th Cir. 2004) (. . . "[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered.") (quoting Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000)); *see also* Teresa G. v. Kijakazi, No. 1:21-CV-00072-HBB, 2022 U.S. Dist. LEXIS 143494, at *16 (W.D. Ky. Aug. 10, 2022) (same). When looking to Plaintiff's fibromyalgia, the ALJ discussed examinations and notations which demonstrated that Plaintiff's fibromyalgia medication was working, leading to her symptoms being "well controlled" (Tr. 22-23). Thus, the "clinical findings are inconsistent with

17

disabling fibromyalgia limitations" (Tr. 23). Moreover, the ALJ found that "[w]hile [Plaintiff] may experience some occasional migraine headache symptoms, the record fails to establish any more limiting restrictions" (Tr. 23).

Consequently, Plaintiff's argument to the RFC finding is unpersuasive. Therefore, the ALJ's findings are supported by substantial evidence and comport with applicable law.

To the extent Plaintiff may be attempting to craft an argument in which she is attacking the fifth step of the sequential evaluation process (DN 20-1, p. 6), she has not provided any such citation—record, case law, or otherwise—to support this conclusion. The ALJ, after considering Plaintiff's RFC, age, education, and past work experience, as well as testimony from the vocational expert, found that Plaintiff is able to perform other jobs that exist in the national economy (Tr. 26). Specifically, the ALJ denoted three occupations: Filter Assembler (DOT Code 739.687-026); Mail Sorter (DOT Code 209.687-026); and Final Inspector (DOT Code 727.687-054) (Id.). This was consistent with the testimony from the vocational expert and with the Medical-Vocational Rules[7] (*see* Tr. 26, 62-64; *see also* Medical Vocational Rule 202.21).

Plaintiff has not attempted to connect her RFC challenge, which does not merit relief, to step five of the sequential evaluation process, nor has Plaintiff explained how, despite the ALJ's finding to the contrary, there are no jobs in the national economy which she can perform (DN 20-1, pp. 5-6). It is well-established that "issues adverted to in a perfunctory manner, unaccompanied

---

7 When a claimant's age, education, previous work experience, and RFC coincide with all of the criteria of a particular Grid Rule in Appendix 2 of the regulations, referred to as the medical-vocational guidelines, the Commissioner may rely on that Grid Rule to meet this burden. 20 C.F.R. §§ 404.1569, 416.969; Grid Rule 200.00; Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1174 (6th Cir. 1990). However, those considerations do not coincide with all the criteria of a particular Grid Rule, the Commissioner is limited to using the Grid Rule as a framework in the decision-making process and must make a non-guideline determination based on the testimony of a vocational expert. 20 C.F.R. §§ 404.1566(e), 416.966(e); Born, 923 F.2d at 1174; Varley v. Sec'y of Health & Hum. Servs., 820 F.2d 777, 779 (6th Cir. 1987); Kirk v. Sec'y of Health & Hum. Servs., 667 F.2d 524, 531, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).

by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); see also Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 169 F. App'x 452, 453 (6th Cir. 2006). Therefore, Plaintiff's argument to this effect is deemed waived.

### Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. Id. After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

### ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

H. Brent Brennenstuhl
United States Magistrate Judge

August 18, 2022

Copies: Counsel of Record